UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**MICHAEL A. LEA**,

        Plaintiff,

        v.

**D. PRIMMER; MS. THORNTON; R. MILES**

        Defendants.

Civil Case No. 3:12-CV-01781-KI

OPINION AND ORDER

    Michael A. Lea, #7585345
    Eastern Oregon Correctional Institution
    2500 Westgate
    Pendleton, OR 97801-9699

        Pro Se Plaintiff

    Ellen F. Rosenblum
    Attorney General

Page 1 - OPINION AND ORDER

Shannon M. Vincent
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096

      Attorneys for Defendant

KING, Judge:

Plaintiff Michael A. Lea, an inmate at Eastern Oregon Correctional Institution, filed this case against several employees of the Oregon Department of Corrections ("ODOC"). In the only claim remaining in the case, Lea alleges defendants Miles, Primmer, and Thornton violated his First Amendment rights by disciplining him for sending letters to Judge Brauer, the Umatilla County Circuit Court judge who presided over Lea's unsuccessful post conviction relief trial. The parties filed cross motions for summary judgment. I grant defendants' motion and dismiss the case.

## FACTS

Douglas Primmer is a Correctional Sergeant with 24 years of experience at ODOC. He investigated the six letters Judge Brauer received from Lea in August 2012. The letters are extremely vulgar and discuss violent acts Lea thinks Judge Brauer should take against Lea to "compleat your plan."[1] Thornton Decl. Ex. 1. A portion of the letters are quoted below; the remaining portions are similar in tone.

    9-11-19

    That's exactly 25 years to the day after this hell was Perpetrated upon my head.

---

[1] I will quote the letters exactly without any spelling or grammar corrections.

Page 2 - OPINION AND ORDER

> You really want to kill me?
>
> I'll be in your Gallery on that day completely unarmed.
>
> Pull the trigger on me then asshole. Then You can fucking retire a Proud Pawn.
>
> Bastard.
>
> Lea

Id. Ex. 4.

> You cried unfair for being "too late". Bight me Bitch. The truth is much more powerfull than your fucking Black Robe and false sence of Lordship. Your nothing but a stupid fucking real life reject who gets off on fucking the Innocent over. Well, This is how I get off, I get off on battling with Punks like you who can't get their heads out of their asses if their careers depended on it. Yours does.
>
> Fuck You!
>
> Lea

Id. Ex. 6, at 2.

> Rest assured you drunk bastard.
>
> My first and final goal in life is to do to you that which you've done to me. I will see to it that since you like suppressing the truth with your Bullshit You will retire in total shame. You are not invincable. As long as I can breathe I Promise to make your time on the bench a living hell. Truth be told, Your career is now and forever going to be much harder. You cannot scare an innocent man into silence. You will NOT shut me up without killing me. You Will see my rights fullfilled. 1st and14th as well as 5th and 6th.
>
> Go Fuck Yourself you fucking Drunk Piece of shit bastard!
>
> Lea
>
> PS. You were Voted in, You can be Voted OUT!
>
> Sick Fuck!

Page 3 - OPINION AND ORDER

Ex. 7.

Sergeant Primmer filed a Misconduct Report on August 29, 2012, alleging Lea violated ODOC Rule 2.10, Disrespect I, and Rule 4.01, Disobedience of an Order I.  Nancy Thornton, a Correctional Hearing Officer, held a disciplinary hearing and sanctioned Lea with loss of privileges for fourteen days; a $25 fine; and seven days of disciplinary segregation suspended through October 10, 2012, pending no major rule violations.  None of the sanctions affected Lea's sentence.

Sergeant Primmer believes Lea's letters to Judge Brauer were intended to threaten and harass the judge with abusive language and violent images.  The Sergeant explains disrespectful behavior from inmates undermines the authority of staff, encourages similar behavior by other inmates, threatens the security of the prison system, and threatens the rehabilitation of inmates.  He considers threats from inmates to authority figures, such as Circuit Court judges, to implicate the same interests, causing ODOC to take the threats seriously.  Inmates who engage in activity that undermines the orderly operation of the prison are held accountable through the disciplinary process with the hope it will change their criminal thinking and encourage positive relationships.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The initial burden is on the moving party to point out the absence of any genuine dispute of material fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains a fact dispute to be tried.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the

court "must view the evidence on summary judgment in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party." Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116, 1122 n.1 (9th Cir. 2009) (internal quotation omitted).

## DISCUSSION

I.  Lea's Motions

Lea filed three motions for summary judgment and a motion for an evidentiary hearing. In the summary judgment motions, Lea discusses defendants' affirmative defenses, this court's bias against him, a few First Amendment cases, and his belief that this case will not "just simply go away." Second Mot. for Summ. J., ECF No. 42 at 1. In the motion for an evidentiary hearing, Lea explains he wants the hearing to draw the defendants "into showing their evidence that proves that the petitioner has no case, which he does." Mot. for Evidentiary Hr'g, ECF No. 39 at 1. This is not an adequate reason to seek an evidentiary hearing–Lea must gather his own evidence to prove his claims. Defendants correctly note Lea has presented no evidence in support of his motions for summary judgment. Thus, there is no record or basis on which I could possibly find Lea is entitled to judgment in his favor. Accordingly, I deny all of plaintiff's motions.

II. Defendants' Motion for Summary Judgment

Defendants move for summary judgment on four grounds: (1) defendants did not infringe Lea's First Amendment rights; (2) defendants are entitled to qualified immunity; (3) there are no facts establishing defendant Miles was personally involved in the deprivation of Lea's civil rights; and (4) Lea's claim for damages for pain and suffering is barred under the Prison Litigation Reform Act. Because the first ground is dispositive, I decline to address the others.

Page 5 - OPINION AND ORDER

Lea insists defendants admitted liability by asserting affirmative defenses. This is not true; a defendant can assert an affirmative defense as an alternative while still denying liability. See Frost v. Van Boening, 692 F.3d 924 (9th Cir. 2012) ( trial court erred by restricting criminal defense counsel to arguing affirmative defense in closing argument and prohibiting the alternative argument that the government did not meet its burden of proof, but the error did not entitle defendant to federal habeas relief).

Prisoners do not enjoy full First Amendment rights. A prisoner "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822, 94 S. Ct. 2800 (1974) (in light of alternative means of communication open to prisoners, California prison regulation limiting media visits to prisoners did not infringe prisoners' First Amendment rights). Thus, a prison can censor outgoing prisoner mail if the regulation or practice "further[s] an important or substantial governmental interest unrelated to the suppression of expression" and "the limitation of First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413, 94 S. Ct. 1800 (1974), overruled in part on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874 (1989) (in analyzing regulations applied to publications *sent to prisoners*, Thornburgh adopted standards more deferential to prison officials' judgment than the standard announced in Martinez, which analyzed regulations applied to mail *sent by prisoners*). Security, order, and rehabilitation are substantial governmental interests. Martinez, 416 U.S. at 413. Additionally, Thornburgh clarified that the standard in Martinez does not require the use of a least restrictive means test. Thornburgh, 490 U.S. at 411.

Defendants provided evidence that disrespectful, threatening letters, such as the ones sent by Lea, undermine the authority of staff, encourage similar behavior by other inmates, threaten the security of the prison system, and threaten the rehabilitation of inmates. Thus, disciplining a prisoner for sending such a letter furthers the substantial government interests of security, order in the prison, and rehabilitation. The disciplinary process is not greater than what is necessary to further those interests and, moreover, provides Lea with due process. Several courts outside the Ninth Circuit have approved the discipline of prisoners who sent inflammatory or threatening mail to people outside the prison; the courts concluded the prisoners' First Amendment rights were not violated. See Leonard v. Nix, 55 F.3d 370, 375 (8th Cir. 1995) (prisoner sent letters to former inmate labeled as "jailhouse lawyer communications" which contained vulgar, obscene, racist epithets against the African-American warden and other prison staff; discipline furthered the government's interest in order because the court concluded Leonard meant for the letters to be intercepted by prison staff and given to the warden); Koutnik v. Brown, 456 F.3d 777, 785-86 (7th Cir. 2006) (prisoner sent letter to merchandiser suggesting products containing swastikas and the slogan "Keeping Kids in Kages" to suggest the Ku Klux Klan; discipline furthered the government's interest in rehabilitation); Morgan v. Quarterman, 570 F.3d 663, 665 (5th Cir. 2009) (prisoner sent vulgar letter to opposing counsel in pending civil litigation; discipline furthered the government's interest in rehabilitation).

It is significant Lea sent his letters to the judge who presided over his case. This is a far cry from venting to a close friend or relative because order in the judicial system is closely tied to order within the prison system. Moreover, the tone of Lea's letters would be inappropriate if he were not a prisoner, showing that his rehabilitation is far from complete. The letters are

> of such slight social value as a step to truth that any benefit that may be derived from [them] is clearly outweighed by the social interest in order and morality. This is especially true in the prison context. Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution.

Leonard, 55 F.3d at 375 (internal citation and quotation omitted).

I find Lea's discipline met the Martinez standards and, thus, did not violate his First Amendment rights. I grant summary judgment in favor of defendants and dismiss Lea's case with prejudice.

## CONCLUSION

Lea's Motions for Summary Judgment [35, 42, 53] and Motion for an Evidentiary Hearing [39] are denied. Defendants' Motion for Summary Judgment [44] is granted. This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this     29th     day of August, 2013.

    /s/ Garr M. King
    Garr M. King
    United States District Judge